**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| James Whitted, | Case No. 4:14 CV 764 |
| Petitioner | |
| v. | **ORDER** |
| J. Coakley, | |
| Respondent | |

INTRODUCTION

On April 8, 2014, *pro se* petitioner James Whitted filed the above-captioned habeas corpus action under 28 U.S.C. § 2241.  Petitioner challenges his 2007 conviction in the United States District Court for the Eastern Division of Pennsylvania for using a firearm while aiding and abetting a drug trafficking offense, in violation of 18 U.S.C.§§ 924(c) & 2.

In particular, he alleges the trial court's instruction to the jury was incorrect in light of *Rosemond v. United States*, 134 S.Ct. 1240 (2014), where the Supreme Court held that prosecutors must prove the defendant had "advance knowledge" that a co-conspirator would use or carry a gun as part of the crime's commission.  *Id.* at 1243.  Petitioner believes *Rosemond* renders him "actually innocent."

STANDARD OF REVIEW

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02–5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). "The burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Jones v.*

*Russell*, 396 F.2d 797 (6th Cir.1968).

DISCUSSION

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255. *See* 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 2002). Section 2255 provides a safety valve where federal prisoners may bring a § 2241 claim if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 209 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997).

It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. See *Charles*, 180 F.3d at 756. The remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner: has already been denied relief under § 2255; has been denied permission to file a second or successive motion to vacate; or has allowed the one-year statute of limitations to expire. *Id*. at 756–58. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See id*. at 758.

To date, the only circumstance in which the Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir.2003); *Charles*, 180 F.3d at 756–57 (collecting cases); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). Actual innocence suggests an intervening change in the law that establishes a prisoner's actual innocence of a crime. *See Martin*, 319 F.3d at 804; *Peterman*, 249 F.3d at 462.

Petitioner must point to a decision holding a substantive criminal statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal." *Bousley v. United States*, 523 U.S. 614, 620 (1998) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137, 150–151 (1995) (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves

2

innocent when Supreme Court redefined "use" in a restrictive manner). A petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir.2003).

*Rosemond* does not bring petitioner's claim within the savings clause, as the decision does not render him actually, factually innocent of the conviction he challenges. Moreover, even if it did, the Supreme Court has not made *Rosemond* retroactively applicable on collateral review, nor have other courts. *See, e.g., Taniguchi v. Butler,* No. 14-CV-120, 2014 WL 5063748 *5 (E.D.Ky. October 8, 2014);*, Rainwater v. Werlich*, No. 14–cv–994, 2014 WL 4273631, *2 (D.La. Aug. 29, 2014) (relief not available in § 2241 under savings clause of § 2255(e) because *Rosemond* not made retroactively applicable by Supreme Court); *Gentile v. Fox*, 2014 WL 3896065, *8 (C.D.Cal. July 11, 2014) (*Rosemond* concerned instructional error, not actual innocence, and does not make rule concerning aiding and abetting under § 924(c) retroactive on collateral review).

## CONCLUSION

Accordingly, the petition is denied and this case is DISMISSED pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision could not be taken in good faith.

So ordered.

    s/James G. Carr
Sr. U.S. District Judge